1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

DAVID A COOK,

                 Plaintiff,

    v.

FEDERATED INSURANCE COMPANY,
et al.,

                 Defendants.

Case No. C19-5062-RJB-TLF

REPORT AND RECOMMENDATION

Noted for July 12, 2019

11

12

13

14

15

16

17

18

19

20

      This matter is before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a proposed 42 U.S.C. § 1983 civil rights complaint. Dkts. 4, 1-1. Plaintiff is proceeding *pro se* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). By order dated March 14, 2019, the Court declined to serve the complaint because it contained fatal deficiencies that, if not addressed, might lead to a recommendation of dismissal of the entire action for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) (b)(ii), 1915A(b)(1). Dkt. 5. However, because plaintiff was proceeding *pro se*, he was granted leave to file an amended complaint or to show cause why his complaint should not be dismissed by April 15, 2019. *Id.*

      Because it seemed improbable that the deficiencies in plaintiff's complaint could be cured, the Court declined to rule on the application to proceed *in forma pauperis* until plaintiff filed an amended complaint. *Id.* Plaintiff was further advised that if the amended complaint was

21

22

23

24

25

REPORT AND RECOMMENDATION - 1

1   not timely filed or failed to adequately address the issues raised in the Court's order, the

2   undersigned would recommend dismissal of this action. *Id.*

3          On April 15, 2019, plaintiff filed a motion to extend his deadline to file an amended

4   complaint to May 24, 2019. Dkt. 6. That motion was granted.  Dkt. 7. To date, plaintiff has failed

5   to file an amended complaint or otherwise respond to the Court's order. Accordingly, the

6   undersigned recommends that the Court dismiss this action without prejudice prior to service for

7   failure to state a claim upon which relief may be granted. Alternatively, the undersigned

8   recommends the action be dismissed without prejudice based on plaintiff's failure to comply

9   with a court order and prosecute his case. The undersigned further recommends that plaintiff's

10  application to proceed *in forma pauperis* (Dkt. 4) be denied as moot.

**BACKGROUND**

12         Plaintiff's complaint names the following defendants: Joseph Evans (Department of

13  Assigned Counsel), Mary Martin (Department of Assigned Counsel), David Arganian (Private

14  Counsel), Craig Sailor (News Reporter – Tacoma News Tribune), Kristine Spier (Insurance

15  Adjuster, Federated Insurance Company), Aaron Beckman (Special Investigator, Federated

16  Insurance Company), Mike Kreidler (Insurance Commissioner), Mark Couey (Director, Office

17  of Insurance Commissioner), Charles Akau (Detective, Office of the Insurance Commissioner),

18  Bennie Hamilton (Detective, Office of the Insurance Commissioner), Elizabeth Frandez

19  (Analyst, Office of the Insurance Commissioner), and Pierce County. Dkt. 1-1, at 3.

20         Plaintiff alleges that on August 16, 2013, he was involved in a car accident with a

21  plumbing truck insured by defendant Federated Mutual Insurance Company (FMIC). Dkt. 1-1, at

22  4. Plaintiff states he filed a bodily injury, property damage and wage loss claim with FMIC

23  related to this accident. *Id.*

24

25

REPORT AND RECOMMENDATION - 2

1    He states FMIC was unable to verify the existence of his employer Luxury Food Service

2    (LFS) and was unable to verify the earnings statement he submitted in support of his wage loss

3    claim. *Id.* Plaintiff states that defendant Aaron Beckman, an SIU investigator employed by

4    FMIC, reported to defendant Detective Charles Akau of the Office of the Insurance

5    Commissioner (OIC-SIU) that he believed plaintiff had committed insurance fraud. *Id.*, at 6.

6    Plaintiff contends that on July 29, 2015, defendant Akau and defendant Hamilton filed a

7    certification for determination of probable cause "that was false." *Id.* Plaintiff attaches a

8    document entitled "certification for determination of probable cause" signed by Detective Akau

9    stating there is "probable cause that [plaintiff] has committed the crime of Insurance Fraud; False

10   Claims of Proof […] Attempted First Degree Theft, and Forgery […] [plaintiff] attempted to

11   obtain $6,666.40 from Federated Insurance by submitting a fraudulent Employer Wage

12   Verification Form and ADP Earnings Statement." Dkt. 1-1, at 32.

13   Plaintiff contends the OIC-SIU and all defendants knew that the FMIC's allegations

14   about the existence of LFS and plaintiff's employment were false. *Id.*, at 7. He contends LFS did

15   exist and that he was employed by the company at the time of the car accident. He contends the

16   documents posted on the OIC-SIU website and in the Tacoma News Tribune, written by Craig

17   Sailor, stating plaintiff "pleaded guilty in a 2013 wage-loss claim using falsified documents from

18   a nonexistent company" were false. *Id.*, at 7-8. He alleges defendants willfully fabricated

19   evidence and conspired to deprive him of his liberty. *Id.*, at 10.

20   Plaintiff contends assigned counsel defendant Joseph Evans' representation "fell below

21   what the 6th Amendment guarantee(s)." *Id.*, at 9. He further alleges assigned counsel Martin

22   knew he was suffering from depression but "did not try to fight for [him]." *Id.*, at 14. He also

23   names private counsel David Arganian although his claims against this defendant are unclear.

24

25

REPORT AND RECOMMENDATION - 3

**DISCUSSION**

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

"[T]he district court may [also] dismiss an action for failure to comply with any order of the court." *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992); *and see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("'[Fed. R. Civ. P. 41(b)] has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.'") (*quoting Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003)).

**I.    Criminal Conviction/Plea**

Plaintiff was advised that it was unclear from his complaint whether he was currently incarcerated based on his plea to the charges he discussed in his complaint or whether he was in

REPORT AND RECOMMENDATION - 4

1  custody and serving a sentence related to a separate offense. Dkt. 5. Plaintiff was advised that if

2  he wished to challenge the constitutionality of his physical confinement his only remedy would

3  be a petition for a writ of habeas corpus. *Id.*; *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973)

4  (internal quotation omitted) (An "action lying at the core of habeas corpus is one that goes

5  directly to the constitutionality of the prisoner's physical confinement itself and seeks either

6  immediate release from that confinement or the shortening of its duration. With regard to such

7  actions, habeas corpus is now considered the prisoner's exclusive remedy."). Plaintiff was

8  advised that if this was his intention, he may choose to voluntarily dismiss his 42 U.S.C. § 1983

9  claims and instead file a petition for a writ of habeas corpus under 28 U.S.C. § 2254, then re-file

10  his § 1983 claims after he had exhausted his state remedies and invalidated his underlying

11  conviction. *Id.*

12       Plaintiff was further advised that if he wished to pursue § 1983 claims regarding conduct

13  by defendants that allegedly led to the conviction/plea for which he is serving a state sentence,

14  that his claims appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Id.*

15  Plaintiff was advised that under *Heck* plaintiff may only recover damages under § 1983 for

16  alleged unconstitutional imprisonment, or for any other harm caused by actions whose

17  unlawfulness would render the imprisonment invalid, if he can prove the conviction or other

18  basis for confinement has been reversed on direct appeal, expunged by executive order, declared

19  invalid by a state tribunal authorized to make such a determination, or called into question by a

20  federal court's issuance of a writ of habeas corpus. *Id.*; *Heck*, 512 U.S. at 486-87.

21       A "§ 1983 action is barred (absent prior invalidation) –no matter the relief sought

22  (damages or equitable relief), no matter the target of his suit (state conduct leading to the

23  conviction or internal prison proceedings) –*if* success in that action would necessarily

24

25

1    demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-

2    82 (2005) (emphasis in original). Thus, plaintiff was advised that to the extent his claims

3    amounted to an attack on the constitutional validity of his underlying conviction for which he is

4    serving a state sentence, his claims could not be maintained pursuant to §1983 unless he could

5    show the conviction had been invalidated. Dkt. 5; *see Heck*, 512 U.S. at 486-87; *Ramirez v.*

6    *Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003).

7        Accordingly, plaintiff was advised that if he intended to proceed with this action, by

8    filing an amended complaint or other response to this order, he should clarify the basis for his

9    current incarceration and, if his conviction has not been invalidated, show cause why his

10   complaint should not be dismissed under *Heck v. Humphrey*. Dkt. 5.

11       Plaintiff was given ample opportunity to attempt to cure these deficiencies in his complaint

12   and to show cause why his complaint should not be dismissed as barred by *Heck*. He has failed

13   to do so and as such his claims should be dismissed without prejudice.

14   **II.    Acting Under Color of Law**

15       Plaintiff was advised that in order to sustain a civil rights action under § 1983, a plaintiff

16   must show (1) that he suffered a violation of rights protected by the Constitution or created by

17   federal statute, and (2) that the violation was proximately caused *by a person acting under color*

18   *of state or federal law*. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis

19   added). Dkt. 5.

20       Plaintiff was advised that a defendant has acted under color of state law when he or she

21   has "exercised power 'possessed by virtue of state law and made possible only because the

22   wrongdoer is clothed with the authority of state law.'" *Id.*; *West v. Atkins*, 487 U.S. 42, 49 (1988)

23   (*citing United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff was further advised that

24

25

REPORT AND RECOMMENDATION - 6

1  private citizens are generally not liable under § 1983 because they do not act under color of state

2  law. Dkt. 5; *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Plaintiff was advised that an

3  exception can be made if the private citizen conspires with a state actor or is jointly engaged with

4  a state actor when undertaking a prohibited action. Dkt. 5; *Tower v. Glover*, 467 U.S. 914, 920

5  (1984).

6        Plaintiff was advised that his complaint alleged claims against several defendants who

7  appeared to be non-state actors. Dkt. 5. Specifically, plaintiff named: Craig Sailor (News

8  Reporter – Tacoma News Tribune), Kristine Spier (Insurance Adjuster, Federated Insurance

9  Company) and Aaron Beckman (Special Investigator, Federated Insurance Company). Plaintiff

10  was also advised that while his complaint made conclusory assertions of "conspiracy" amongst

11  "defendants" he failed to support this allegation with any facts demonstrating these private actors

12  were conspiring with state actors to violate plaintiff's constitutional rights. Accordingly, plaintiff

13  was instructed he must either file an amended complaint alleging facts to show these individuals

14  were acting under color of state law or show cause why his claims should not be dismissed. *Id.*

15        Plaintiff's complaint also alleges claims against his attorneys -- department of assigned

16  counsel Joseph Evans and Mary Martin, and private counsel David Arganian. However, plaintiff

17  was advised that a defense attorney in a criminal prosecution performing traditional lawyer

18  functions, "whether retained or appointed, does not act 'under color of' state law." Dkt. 5;

19  *Szijarto v. Legeman*, 466 F.3d 864, 864 (9th Cir. 1972); *see, e.g., French v. Carlson,* 368

20  Fed.Appx. 839 (9th Cir. 2010) (a state public defender performing traditional lawyer functions is

21  not a state actor for purposes of Section 1983). Plaintiff was advised that he had alleged no facts

22  demonstrating defendants Evans, Martin or Arganian were acting under color of state law when

23  they represented him. Dkt. 5. Accordingly, plaintiff was informed he must either file an amended

24

25

REPORT AND RECOMMENDATION - 7

1  complaint alleging facts to show these individuals were acting under color of state law or show

2  cause why his claims should not be dismissed. *Id.*

3      Plaintiff was given ample opportunity to include additional factual allegations relating

4  these claims and attempt to cure these deficiencies in his complaint. He has failed to do so and as

5  such these claims should be dismissed without prejudice.

6  **III.    Pierce County as a Defendant**

7      Plaintiff also names Pierce County but fails to make any specific substantive allegations

8  against this defendant in his complaint.

9      Plaintiff was advised that while Pierce County may be sued under § 1983, to hold such a

10  municipality liable, a plaintiff must show the municipality itself violated his rights or that it

11  directed its employee(s) to do so. Dkt. 5; *Bd. of County Comm'rs of Bryan County v. Brown*, 520

12  U.S. 397, 404 (1994). Under this theory of liability, plaintiff was advised the focus is on the

13  "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the

14  municipality's] Officers." Dkt. 5; *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)

15  (quoting *Monell*, 436 U.S. at 690). Plaintiff was further informed that a local governmental unit

16  may not be held responsible for the acts of its employees under a respondeat superior theory of

17  liability. Dkt. 5; *see Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). He was advised

18  that to sue a local governmental entity, a plaintiff must allege facts showing that any

19  constitutional deprivation he suffered was the result of a custom or policy of the local

20  governmental unit. Dkt. 5. Plaintiff was informed that his complaint contained no such

21  allegations against Pierce County. *Id.*

22

23

24

25

REPORT AND RECOMMENDATION - 8

1    Accordingly, plaintiff was instructed that if he intended to proceed with this action, he

2    must either file an amended complaint curing these deficiencies or show cause why this claim

3    should not be dismissed. *Id.*

4    Plaintiff was given ample opportunity to include additional factual allegations relating

5    these claims and attempt to cure these deficiencies in his complaint. He has failed to do so and as

6    such this claim should be dismissed without prejudice.

7    **IV.    Deficiencies in Complaint as a Whole - Rule 8, Personal Participation, and**

8    **Stating a Claim Under § 1983**

9    Plaintiff's complaint alleges generally that defendants knowingly made false statements,

10   willfully fabricated evidence and conspired to deprive him of his liberty. Dkt. 1-1, at 10. Plaintiff

11   was advised that these allegations are conclusory and largely unsupported by any facts. Dkt. 5.

12   Furthermore, plaintiff was advised that for many of his claims it was unclear what specific

13   constitutional provisions or federal statutes he was alleging defendants' conduct violated. *Id.*

14   Sweeping conclusory allegations against an official are insufficient to state a claim for

15   relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff was advised that he must

16   allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he

17   must allege an affirmative link between the injury and the conduct of that defendant. Dkt. 5;

18   *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Additionally, plaintiff was advised that Rule

19   8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a short and plain

20   statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

21   fair notice of what the claim is and the grounds upon which it rests." Dkt. 5; *Bell Atl. Corp. v.*

22   *Twombly*, 550 U.S. 544, 554 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The

23

24

25

REPORT AND RECOMMENDATION - 9

1    complaint must include more than "naked assertions," "labels and conclusions" or "a formulaic

2    recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555-557.

3         Plaintiff was informed that his complaint largely contained vague and conclusory

4    allegations and that he failed to adequately explain the factual basis for his assertions that

5    defendants knowingly made false statements, willfully fabricated evidence, or "conspired" to

6    deprive him of his liberty. Dkt. 5. He was also advised that his complaint failed to explain what

7    specific evidence he was alleging was fabricated or the basis for his allegations the defendants

8    "conspired" against him. *Id.*

9         Accordingly, plaintiff was advised that if he was able to overcome the other deficiencies

10   in his complaint and filed an amended complaint, it must contain short, plain statements telling

11   the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person

12   (defendant) who violated the right; (3) exactly what that person did or failed to do; (4) how the

13   action or inaction of that person is connected to the violation of plaintiff's constitutional rights;

14   and (5) what specific injury plaintiff suffered because of that person's conduct. Dkt. 5; *see Rizzo*

15   *v. Goode*, 423 U.S. 362, 371–72 (1976). He was advised that if the person named as a defendant

16   was a supervisory official, plaintiff must either state that the defendant personally participated in

17   the constitutional deprivation (and tell the Court the five things listed above), or plaintiff must

18   state, if he can do so in good faith, that the defendant was aware of the similar widespread

19   abuses, but with deliberate indifference to plaintiff's constitutional rights, failed to take action to

20   prevent further harm to plaintiff and also state facts to support this claim. Dkt. 5; *see Monell v.*

21   *NYC Dept. of Social Servic*es, 436 U.S. 658, 691 (1978).

22        Plaintiff was further advised that he must repeat this process for each person he names as

23   a defendant. Dkt. 5. He was advised that if he failed to affirmatively link the conduct of each

24

25

REPORT AND RECOMMENDATION - 10

1    named defendant with the specific injury suffered by plaintiff, the claim against that defendant

2    will be dismissed for failure to state a claim. *Id.* Plaintiff was informed that conclusory

3    allegations that a defendant or a group of defendants have violated a constitutional right are not

4    acceptable and would be dismissed. *Id.*

5         Plaintiff was given a reasonable opportunity to address the above deficiencies in his

6    complaint as a whole but he has failed to do so and his complaint should be dismissed on this

7    basis as well.

8                                    CONCLUSION

9         Where a pro se litigant's complaint fails to state a claim upon which relief can be granted,

10   the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of*

11   *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). The Court is required to "liberally

12   construe the 'inartful pleading' of pro se litigants", *Boag v. MacDougall,* 454 U.S. 364, 365

13   (1982), and therefore – despite the numerous and significant deficiencies in plaintiff's complaint

14   -- leave to amend and guidance was provided by the Court.

15        However, the Court may deny leave to amend if "it is absolutely clear that no amendment

16   can cure the defect." *Id*. Here, plaintiff was given ample opportunity to address the deficiencies

17   identified by the Court in an amended complaint but he failed to do so or to respond to the

18   Court's order in any manner. The undersigned recommends that plaintiff's claims be

19   **DISMISSED without prejudice** for failure to state a claim – because plaintiff failed to file an

20   amended complaint or otherwise respond to the Court's order, the Court is unable to determine

21   whether these claims are, potentially, capable of amendment. Alternatively, the undersigned

22   recommends the action be dismissed in its entirety without prejudice based on plaintiff's failure

23   to comply with a court order and prosecute his case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260

24   (9th Cir. 1992), *as amended* (May 22, 1992); *and see Hells Canyon Pres. Council v. U.S. Forest*

25

REPORT AND RECOMMENDATION - 11

1    *Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("'[Fed. R. Civ. P. 41(b)] has long been interpreted to

2    permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with

3    the rules of civil procedure or court's orders.'") (*quoting Olsen v. Mapes*, 333 F.3d 1199, 1204 n.

4    3 (10th Cir. 2003)).

5         The undersigned further recommends that plaintiff's application to proceed *in forma*

6    *pauperis* (Dkt. 4) be denied as moot.

7         The parties have **fourteen (14) days** from service of this Report and Recommendation to

8    file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP)

9    72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for

10   purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed

11   by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **July 12, 2019**,

12   as noted in the caption.

13        Dated this 24th day of June, 2019.

14

15

16        _____
          Theresa L. Fricke

17        Theresa L. Fricke
          United States Magistrate Judge

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION - 12